O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SINGLETARY,<br><br>                Petitioner,<br><br>   v.<br><br>JAMES S. HILL,<br><br>                Respondent. | Case No. EDCV 22-02130 CAS (RAO)<br><br>MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

### I.    INTRODUCTION

On November 21, 2022, Petitioner Charles Singletary ("Petitioner"), then a prisoner at the California Institution for Men in Chino, California, and proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. No. 1. The Petition raises claims of ineffective assistance of counsel and cruel and unusual punishment in the imposition of an excessive sentence. Pet. at 6-11.

As of November 30, 2022, Petitioner had neither paid the filing fee nor filed an *in forma pauperis* ("IFP") application. Dkt. No. 2. On June 12, 2023, the Court noted discrepancies in Petitioner's habeas petition and ordered him to either submit an IFP application or pay the filing fee. Dkt. No. 4. On June 23, 2023, the minute

order dated June 12, 2023 was returned with a notation that Petitioner has been paroled. Dkt. No. 5. On June 30, 2023, this Court ordered Petitioner to file a written statement explaining why the Petition is not time-barred and to update his mailing address. Dkt. No. 6. On July 19, 2023, the minute order dated June 30, 2023 was returned with a notation again indicating that Petitioner has been paroled. Dkt. No. 7.

Given the foregoing and for the reasons below, the Court dismisses the Petition without prejudice.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte* authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first factor (the public's interest in expeditious resolution of litigation) and second factor (the Court's need to manage its docket) strongly favor dismissal because the Court has twice ordered Petitioner to either pay the filing fee or file an IFP application, and to update his mailing address, and Petitioner has yet to do either. *See* Dkt. Nos. 2-4, 6. The Court also advised Petitioner to show why his

Petition is not time-barred, and Petitioner has not done so. Dkt. No. 6. Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations marks omitted). His inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

The third factor (the risk of prejudice) requires a showing that Petitioner's actions impaired Respondent's ability to proceed with litigation or threatened to interfere with the rightful decision of the case. *See Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984). The Ninth Circuit has stated that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). Here, Petitioner's failure to respond to the Court's orders indicates a loss of interest in the matter. Notations on the mail returned to the Court stating that Petitioner has been paroled since initiating this action further support the inference that Petitioner has lost interest in the instant matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also supports dismissal. The Court provided Petitioner with sufficient time to respond to the Court's orders by providing Petitioner with six months to pay the filing fee or pay the IFP application before the Court entered an order directing Petitioner to do so (Dkt. No. 4), but mail to Petitioner from the Court has been returned twice. *See* Dkt Nos. 5, 7. The Court cautioned Petitioner that a failure to respond to the June 30, 2023 order would result in dismissal, *see* Dkt. No. 6, yet he has failed to respond and

has not complied with the Court's orders. The Court deems it imprudent to wait any longer for Petitioner to exhibit an interest in prosecuting this matter with the requisite amount of diligence. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court "need not exhaust every sanction short of dismissal before . . . dismissing a case"). The Court also notes that it is dismissing this action *without prejudice*, a significantly lesser sanction than dismissal with prejudice.

The fifth factor (the public policy favoring disposition on the merits) weighs against dismissal, as it almost inevitably will when an action is dismissed without reaching the merits. *Pagtalunan*, 291 F.3d at 643.

In sum, four of the five factors favor dismissal. Accordingly, dismissal of this action without prejudice is appropriate.

### III.   **DENIAL OF CERTIFICATE OF APPEALABILITY**

When the Court dismisses a petition on procedural grounds, it must issue a certificate of appealability if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also* 28 U.S.C. § 2253(c).

Here, the Court is dismissing the instant Petition without prejudice for failure to prosecute and follow court orders. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

///
///
///
///
///
///

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is DISMISSED without prejudice; and
2. A Certificate of Appealability is DENIED.

DATED: September 8, 2023

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE